**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50454 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00248-GAF |
| v. | |
| RAFAEL FLORES DE LA TORRE, a.k.a. Rafael Flores, a.k.a. Rafael Delatorre Flores, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted August 11, 2011[**]

Before:    THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Rafael Flores de la Torre appeals from the 37-month sentence imposed

following his guilty-plea conviction for illegal reentry after deportation, in

violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

we affirm.

Flores contends that the district court procedurally erred when it determined that his motive for reentering the country was not a basis for a lower sentence. This contention lacks merit as the record reflects that the district court considered Flores's motive for reentry as part of its analysis of the 18 U.S.C. § 3553(a) sentencing factors, but found the circumstances insufficient to justify a lower sentence. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Flores, citing *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1054-56 (9th Cir. 2009), also contends that his sentence is substantively unreasonable due to the age of his prior felony conviction that triggered a 16-level enhancement. The district court considered Flores's argument in this regard, and reduced his criminal history category from level III to level I after concluding that it was overstated, but found the circumstances insufficient to warrant a further reduction below the adjusted Guidelines range. The sentence is substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Valencia-Barragan*, 608 F.3d 1103, 1108-09 (9th Cir. 2010) (emphasizing the limited scope of the holding in *Amezcua-Vasquez*).

**AFFIRMED.**

10-50454